THAI PINEAPPLE PUBLIC CO., LTD., ET AL., PLAINTIFFS, AND DOLE FOOD CO., INC., ET AL., PLAINTIFF-INTERVENORS *v.* UNITED STATES, DEFENDANT, AND MAUI PINEAPPLE CO., LTD., DEFENDANT-INTERVENOR

Consolidated Court and No. 95–08–01064

(Dated March 18, 1997)

*Willkie, Farr & Gallagher (Kenneth J. Pierce* and *William B. Lindsey)* for plaintiffs.
*Patton Boggs, L.L.P. (Michael D. Esch)* for plaintiff-intervenors Dole Food Company, Inc., *et al.*
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Stacy J. Ettinger,* Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.
*Collier, Shannon, Rill & Scott (Paul C. Rosenthal* and *Lynn E. Duffy)* for defendant-intervenor Maui Pineapple Co., Ltd.

## OPINION

RESTANI, *Judge:* This matter is before the court following remand of an antidumping duty determination.

While the parties may dispute some of the court's conclusions in Slip Op. 96–182 issued herein, there seems to be no dispute that the Department of Commerce complied with the court's directions.

The one issue which arises solely from the remand is Commerce's decision to correct its own ministerial error. Apparently it programmed its computer with an improper currency conversion factor when the gross unit prices were already reported in U.S. dollars.

On several occasions this court has upheld decisions of Commerce not to correct errors which could have been discovered by the parties in a timely manner. This is particularly appropriate when belated error correction will have a ripple effect leading to further administrative proceedings or fact finding. The court does not ordinarily consider it an abuse of discretion if Commerce decides to correct isolated mistakes of its own. *See Cemex v. United States,* Slip Op. 96–170, at 2 (Oct. 24, 1996) ("programming errors are particularly susceptible to correction without administrative disruption"). As this matter was uncovered during a remand proceeding subject to narrowly drawn directions from the court, however, the better practice would have been for Commerce to have requested permission to correct the error. As Commerce's action was not clearly *ultra vires,* and resulted in proper error correction the court sees no purpose to ordering another remand to do what has been done.

The remand results will be sustained.